MERRITT, Circuit Judge,
concurring.
I agree with the court’s result but not all of its reasoning. The court’s idea that there is no “general duty” on the part of the government “to protect its citizens” and that all rights should be viewed as “strict negative rights” suggests a strict libertarian ideology that does not reflect the way our system works. See David P. Currie “Positive and Negative Constitutional Rights,” 53 U. Chi. L.Rev. 864 (1986). It seems to lead the court to the conclusion that there was no “custody” here, a conclusion with which I disagree.
In this case policemen were thrust into a dangerous situation. They acted by imme *440 diately calling for and obtaining an ambulance and maintaining the status quo for the short period that it took for the ambulance to arrive. In maintaining the status quo they took Drummond into custody. With guns drawn, they issued orders to him and others who were present. They were properly cautious in a situation in which Drummond had been firing a pistol wildly.
I think it is better to conceptualize the case as one in which the police had custody and a duty to act without “deliberate indifference” to Drummond’s medical needs. The standard of “deliberate indifference” is explained in Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In light of the caution the situation required and the obvious medical attention needed, the police acted without “deliberate indifference” in calling for an ambulance which came immediately. Given the specific facts of this case, I cannot see how the police could be at fault in their conduct in briefly maintaining the status quo while the ambulance was on its way.